IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01239-BNB

EVELYN J. SANDERS,

     Plaintiff,

v.

KAREN ZABUK, Property Manager, and
LIBERTY ACQUISITIONS SERVICING, LLC,

     Defendants.

---

## ORDER TO AMEND

---

     Plaintiff, Evelyn J. Sanders, initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The Court must construe Plaintiff's Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

     The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Court has reviewed Plaintiff's Complaint and finds that she fails to provide a short and plain statement of her claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff fails to set forth a short and concise statement under the Cause of Action section of the Complaint form that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by

2

submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Finally, Plaintiff's handwriting is either illegible or difficult to read, which makes understanding her handwritten allegations difficult.  Pursuant to Rule 10.1 of the Local Rules of Practice for this Court Plaintiff is required to file legible papers. *See* D.C.COLO.LCivR 10.1(g).  Plaintiff is directed to file a legible Amended Complaint. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the claims pursuant to the Court's local rules and the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED May 1, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge