IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01239-BNB

EVELYN SANDERS,

    Plaintiff,

v.

KAREN ZABUK, Property Mangers,
LIBERTY ACQUISITIONS SERVICING LLC, and
PHOENIX MOUNTAIN PROPERTIES LLC,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Evelyn Sanders, currently resides in Denver, Colorado. Plaintiff initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 8. Specifically, Magistrate Judge Boland ordered Plaintiff to set forth a short and concise statement under the Cause of Action section of the Complaint form that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation. Plaintiff also was directed to assert personal participation by each named defendant and to use legible handwriting.

On May 30, 2014, Plaintiff filed an Amended Complaint. Plaintiff names an additional party in the caption and appears to assert jurisdiction pursuant to the Privacy Act. Plaintiff's handwriting still is difficult to decipher and the claims are disjointed,

conclusory, and vague. It appears, however, that Plaintiff may be challenging an eviction that took place in February 2010 for nonpayment of rent, and for a reason unknown, that Liberty Acquisition Services violated her privacy rights and sought $5490.30 from her. Plaintiff further asserts emotional distress and harassment by Liberty Acquisition Services over the past four years.

First, Plaintiff may not rely on the Privacy Act for a cause of action against Defendants. The Privacy Act generally prohibits the federal government from disclosing personal information about an individual without the individual's consent. See 5 U.S.C. § 552a(b). Under the Privacy Act, "[n]o agency shall disclose any record which is contained in a system of records" except under certain specified circumstances. *Id.* The claims in Plaintiff's Complaint do not implicate any federal agency. Therefore, the Privacy Act does not serve as a basis for jurisdiction in this action and a claim filed pursuant to the Privacy Act is legally frivolous.

Even if the Court were to consider jurisdiction pursuant to § 1983, given Plaintiff stated in the original Complaint that § 1983 was the basis for the Complaint, Defendants are not state actors and nothing Plaintiff asserts arises under federal law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988) (must allege a deprivation of a federal or constitutional right by a person acting under color of state law). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action. But private

conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." *Hall v. Witteman,* 584 F.3d 859, 864 (10th Cir.2009) (internal quotation marks and citations omitted).

Purely private acts are not considered acts under color of state law unless that conduct is furthered by an actual or purported state authority. *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir.1995); *see also Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (court must determine whether the private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment"). To be "fairly attributable to the state,"

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible." Second, the private party must have "acted together with or . . . obtained significant aid from state officials or engaged in conduct 'otherwise attributable to the State.' "

*Pino v. Higgs,* 75 F.3d 1461, 1465 (10th Cir.1996) (citations omitted). If a defendant's conduct does not qualify as state action, no inquiry into § 1983 liability is necessary. *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).

All Defendants Plaintiff sues are private parties. A claim asserted pursuant to § 1983, therefore, is subject to dismissal as legally frivolous. Furthermore, and to the extent the Court is able to determine Plaintiff's claims, she asserts no more than a state law cause of action.

Plaintiff cannot maintain a state law cause of action in the federal district court if both she and Defendants are citizens of Colorado. See 28 U.S.C. § 1332(a)(1) (providing that federal district courts shall have original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of

different States). To invoke federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff fails to allege facts showing diversity of citizenship between her and Defendants.

The general rule that *pro se* pleadings must be construed liberally has limits and "the [C]ourt cannot take on the responsibility of serving as the litigant's attorney in constructing arguments. . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Courts are not required to provide legal advice to parties. *See In re Onyeabor*, 2013 WL 5539639 (10th Cir. 2013) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)). The Court, therefore, will refrain from constructing Plaintiff's arguments and construing her claims filed pursuant to any statute other than what she has identified. Because Plaintiff has failed to file an Amended Complaint that asserts proper jurisdiction and the claims are disjunctive, conclusory, and vague the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  9th  day of     June    , 2014.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court